NO. 07-04-0488-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 29, 2005



______________________________



RICARDO CASTILLO, SR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NO. A3865-0404; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Ricardo Castillo, Sr., appeals his conviction of aggravated sexual assault
of a child and indecency with a child. We agree with appointed appellate counsel's
conclusion that the record fails to show any meritorious issue which would support the
appeal, and affirm the trial court's judgment.

 The Swisher County Grand Jury returned a five-count indictment against appellant
alleging that on or about February 21, 2004, appellant did then and there:

 COUNT ONE

 intentionally or knowingly cause the penetration of the female sexual organ
of B.F., a child who was then and there younger than 14 years of age and not
the spouse of the defendant by the defendant's finger, 


 COUNT TWO

 did then and there, with the intent to arouse or gratify the sexual desire of
said defendant, intentionally or knowingly engage in sexual contact with B.F.
by touching the breast of B.F., a child younger than 17 years and not the
spouse of the defendant, 


 COUNT THREE

 did then and there, with the intent to arouse or gratify the sexual desire of
said defendant, intentionally or knowingly engage in sexual contact with B.F.
by touching the genitals of B.F., a child younger than 17 years and not the
spouse of the defendant, 


 COUNT FOUR

 did then and there, with the intent to arouse or gratify the sexual desire of
said defendant, intentionally or knowingly expose the defendant's genitals,
knowing that B.F., a child younger than 17 years and not the defendant's
spouse, was present, 


 COUNT FIVE

 did then and there, with the intent to arouse or gratify the sexual desire of
said defendant, intentionally or knowingly cause B.F., a child younger than
17 years and not the defendant's spouse, to expose her genitals. 


The jury found the appellant guilty on Counts One, Two and Three and not guilty on Counts
Four and Five. After hearing evidence on punishment, the jury found the allegation in the
enhancement paragraph of the indictment to be not true and assessed appellant's
punishment for the offense of aggravated sexual assault of a child at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term of five years,
and sentenced appellant to additional terms of confinement of two years each on the
indecency with a child convictions under Counts Two and Three. 

 Appellant's appellate counsel has filed a brief stating that he has carefully reviewed
the record in this case and concludes there is no reversible error and that the appeal is
frivolous. See Anders v. California, 386 U.S. 738, 744-45 (1967). The brief discusses the
factual and procedural history of the case and evidence presented. Counsel also has filed
a motion to withdraw and, by letter, informed appellant of his right to file a pro se brief. 
Johnson v. State, 885 S.W.2d 641, 645 (Tex. App.-Waco, 1994, pet. ref'd). 

 By letter dated February 3, 2005, this court also notified appellant of his opportunity
to submit a response to the Anders brief and motion to withdraw filed by his counsel,
granting him until March 3, 2005 to do so. This court's letter also reminded appellant to
contact his counsel if he needed to review any part of the appellate record to prepare a
response. On February 25, 2005, appellant filed a motion requesting an additional three
months to file his brief. This court granted appellant's motion in part and extended the
deadline for appellant's brief to April 4, 2005. Appellant has not filed a brief or other
response.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 In his Anders brief, counsel for appellant summarizes the testimony of each witness
called during both the guilt/innocence phase and the punishment phase of trial, including
the testimony of the victim and appellant. In conformity with counsel's obligation to support
the appeal to the best of his ability, Johnson, 885 S.W.2d at 645, the brief raises the issue
whether the evidence was legally and factually sufficient for the jury to find that appellant
committed the crimes as alleged in the indictment. After reviewing the evidence and setting
forth the standards for appellate review of the legal and factual sufficiency of the evidence,
counsel concludes the evidence is sufficient. 

 The record reflects conflicting versions of the events leading to appellant's
prosecution. As noted, both appellant and the victim, who was thirteen at the time of the
offense but fourteen by the time of trial, testified. The jury, being the judge of the facts and
credibility of the witnesses, may choose to believe all, some, or none of any witness's
testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). A jury's decision
is not manifestly unjust merely because it resolved conflicting views of evidence in favor
of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.Crim.App. 1997). 

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Stafford,
813 S.W.2d at 511. Upon review of the record, we also conclude the evidence was legally
and factually sufficient to support appellant's conviction beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979) (stating that the standard for judging legal
sufficiency questions is whether, when viewing the evidence in the light most favorable to
the prosecution, any rational trier of fact would have found the essential elements of the
crime beyond a reasonable doubt); Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App.
2004) (stating the standard for judging factual sufficiency questions is whether, when
considering all of the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt). We agree this appeal presents no meritorious grounds
for review. We grant counsel's motion to withdraw and affirm the judgment of the trial
court. 

 

 James T. Campbell

 Justice





Do not publish.



60; A search of the car unearthed a 6.5 ounce baggie of marijuana in the middle
console. This resulted in appellant’s arrest and transportation to jail. While being
transported and after realizing that Padilla had been arrested too, appellant said to the
officer: “you know all that shit is mine.” Appellant also stated that she knew nothing of the
drugs.
          The State called Padilla to testify at trial. However, she invoked her Fifth
Amendment right against self-incrimination. Despite this, the State continued to propound
questions to her about prior statements made by her. Those statements purportedly
involved appellant’s tossing the baggie of cocaine to her when the police stopped him and
about the cocaine and marijuana not belonging to her. 
Issue One - Sufficiency of the Evidence to Link the Controlled Substance
          In his first issue, appellant contends the evidence is insufficient to link him to the
drugs found. This is so because the drugs were found in the passenger’s coat pocket. We
overrule the issue.
          AuthorityThe standards of review for legal and factual sufficiency are found in Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204
S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases for review.
          In addition to appellant’s statement to the officer that the “shit” or drugs were his,
other evidence revealed that 1) appellant was present in the car where the drugs were
found, 2) the smell of marijuana escaped from the car when stopped, 3) other contraband
was found in the console in proximity to where appellant had been seated, 4) appellant had
money on him in denominations that are frequently used to purchase drugs, 5) appellant
took longer than necessary to stop his car when the officer activated his lights, and 6) the
cocaine found was in quantities for sale and not for personal use.


 These facts are
sufficient to link appellant to the drugs and show that he exercised care, custody, or control
over them.
          We also recognize that appellant offered an alternative theory for the jury's
consideration. That is, he attempted to show that Padilla was responsible for the cocaine
since it was in her coat. Yet, the jury was not required to believe the theory, see Evans v.
State, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006), and we cannot say that its resolution
of the matter undermines our confidence in the verdict. In short, the evidence is both
legally and factually sufficient.
                         Issue Two - Fifth Amendment Right of Co-Defendant
          In his next issue, appellant contends that the trial court erred by allowing the State
to continue to question Padilla about prior statements made by her after she invoked her
right against self-incrimination. According to appellant, the questions were designed to
give the inference that appellant possessed the drugs up until the time of the stop at which
time he tossed them to Padilla to put in her pocket. We overrule the issue.
          We initially note that the State conceded error in this matter. It nonetheless believes
the error to be harmless. We agree.
          To assess the likelihood that the jury's decision was adversely affected by the
questioning, we consider the entire record, the other evidence admitted, the nature of the
evidence supporting the verdict, and the character of the error in light of the other evidence
in the case. Motilla v. State, 78 S.W.3d 352, 357-58 (Tex. Crim. App. 2002) (evaluating
harm from erroneously admitted evidence). We also consider the arguments of counsel
and the extent to which the State emphasized the improper evidence. Id. at 358; Morales
v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). 
          As stated earlier, appellant admitted that “all” of the drugs belonged to him, or so
a reasonable jury could conclude. That admission carries much weight. So too was he
found in possession of a large amount of money, as would one dealing in drugs. That he
owned the car from which the smell of marijuana escaped and personally possessed
marijuana is other evidence of import, and when considered in totality, the evidence of
appellant’s guilt was and is quite substantial.
          Next, the State did refer to Padilla in its closing argument. Those comments
consisted of the prosecutor saying, “if you remember, Valerie Padilla walked into this
courtroom under subpoena, and every question that was asked of her, her response was,
‘I take my 5th Amendment.’” After that, no other mention was made of Padilla or her
invocation of the Fifth Amendment. We also note that in calling her, the State may have
been risking appellant’s conviction. Simply put, it was playing with a two-edged sword. It
is not farfetched for a lay juror to question why she would opt to remain silent if she did
nothing wrong. So, her invocation of the Fifth Amendment could well have led the jury to
believe that she actually possessed the cocaine, not appellant. Given that, the tactic may
have posed more risk to the State than to appellant.
          We also note that the relevant questions asked of Padilla (which resulted in her
invocation of the Fifth Amendment) were rather exculpatory in nature. That is, they could
be viewed as tending to reduce or negate her own culpability. For instance, they consisted
of her being asked whether 1) “he [appellant] threw [her] a package, a clear plastic
package, containing crack cocaine” and told her to hold it, 2) he told her “‘[h]ere, grab this,’”
and she put the package in the pocket of her coat, 3) she told the police that she knew
nothing about the cocaine or the marijuana, 4) she possessed money when searched
(which she did not), 5) appellant continued to drive though being directed to stop and
during which period he threw the package of cocaine to her, and 6) she held the drugs to
protect appellant with whom she was having a relationship. 
          After considering the foregoing, we cannot say that the purported error either
affected appellant’s substantial rights or left us unable to conclude, beyond reasonable
doubt, that it did not affect the jury’s decision. In sum, we find no harm. This, however,
is not to be viewed as indication that we approve of any litigant’s effort to engage in or
create error simply because other factors may somehow ameliorate the conduct’s affect. 
Harm is assessed on a case-by-case basis. The pertinent indicia encompassed in the next
case may well call for a different result, especially if the accused does not admit that the
drugs were his.
           Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn
                                                                          Chief Justice
Do not publish.